IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIMOTHY M. BRIGHT,
     Petitioner,

vs.                                   Case No.:  3:08cv159/LAC/EMT

WALTER A. McNEIL,
     Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Respondent's motion to dismiss the habeas petition filed pursuant to 28 U.S.C. § 2254 on the ground that Petitioner failed to exhaust his state court remedies with respect to his claims (Doc. 15).  Petitioner filed a response to the motion, in which he concedes that he did not exhaust his state court remedies prior to filing his federal petition, and he requests that the court dismiss his federal petition (Doc. 18).

Rule 41(a)(1)(A)(i) provides that an action may be dismissed without an order of the court by filing a notice of dismissal at any time before the adverse party serves an answer, or files a motion for summary judgment.  Because Respondent has not yet served an answer in the instant case,[1] it is clear that Petitioner is automatically entitled to a voluntary dismissal at this time.  The dismissal should be without prejudice to Petitioner's refiling the petition when his all of his claims have been exhausted.  However, Petitioner should be aware of 28 U.S.C. § 2244(d), which establishes a one-year period of limitation for applications for writs of habeas corpus challenging state court judgments.  The one-year period normally runs from date upon which the conviction became final, *see* § 2244(d)(1), but the time during which a "properly filed" application for state

---

[1]Respondent's motion to dismiss is the equivalent of a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure and, therefore, does not constitute an answer or responsive pleading. *See* Fed. R. Civ. P. 12(b).

post-conviction or other collateral review is pending is not counted.  *See* § 2244(d)(2); <u>Artuz v. Bennett</u>, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000).  Furthermore, Petitioner is advised that the pendency of the instant federal habeas action does not toll the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1).  *See* <u>Duncan v. Walker</u>, 533 U.S. 167, 181, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001) (construing 28 U.S.C. § 2244(d)(2)).  Additionally, the fact that the petition is dismissed without prejudice does not preclude a determination that a subsequently filed § 2254 petition is untimely or otherwise procedurally barred.

Accordingly, it is respectfully **RECOMMENDED**:

That Petitioner's Response (Doc. 18), construed as a notice of voluntary dismissal, be **GRANTED** and this action dismissed without prejudice.

At Pensacola, Florida, this <u>19</u><sup>th</sup> day of November 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**